IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LATRENDA DINOTE FLEMING, 77267-083 *

Petitioner                                                    *

v.                                                            *          Civil Action No. GLR-14-865

STATE OF MARYLAND                             *

Respondent                                              *
                                                                  ***

# MEMORANDUM

Respondent moves to dismiss self-represented Petitioner Latrenda Dinote Fleming's Petition for Writ of Habeas Corpus as moot. Fleming was granted an opportunity to respond, but has not done so.

In her Petition, Fleming, who is presently confined at the United States Penitentiary, Hazelton, in West Virginia, claims that she is entitled to a trial or dismissal of charges pending against her in the District Court of Maryland for Prince George's County in Case No. 2E00339404 and on which a detainer is based. (ECF No. 1).

Respondent states that on May 15, 2014, the State's Attorney for Prince George's County requested that Case No. 2E00339404 be placed on the motions docket to be entered *nolle prosequi* and requested the recall of all warrants in the matter. (ECF No. 14, Ex. 1). On May 29, 2014, a disposition of *nolle prosequi* was entered, pursuant to Md. Rule 4-247(a), terminating the prosecution and dismissing the charges in Case No. 2E00339404. (Id., Ex. 2).

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, if a case is moot, the Court lacks subject-matter jurisdiction and the case must be dismissed. See DeFunis v. Odegaard, 416 U.S. 312, 316 (1974) ("[t]he inability of the federal judiciary 'to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power

depends upon the existence of a case or controversy'") (internal quotation omitted). "'[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" United States v. Hardy, 545 F.3d 280, 283 (4th Cir. 2008) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). An actual controversy must exist at all times while the case is pending. See Steffel v. Thompson, 415 U.S. 452, 459 n.10 (1974). Where developments occur during the course of a case which prevent the court from being able to grant the relief requested, the case must be dismissed. See Flast v. Cohen, 392 U.S. 83, 95 (1968). Indeed, "[w]here on the face of the record it appears that the only concrete interest in the controversy has terminated, reasonable caution is needed to be sure that mooted litigation is not pressed forward, and unnecessary juridical pronouncements on even constitutional issues obtained . . . ." See Lewis v. Continental Bank Corp., 494 U.S. 472, 480 (1990). "[O]ne such circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim." Friedman's, Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) (citing Broughton v. North Carolina, 717 F.2d 147, 149 (4th Cir. 1983).

Since Fleming has received the relief she requests in the Petition, *i.e.* dismissal of the charges against her in Case No. 2E00339404, the instant action has been rendered moot. Accordingly, this case will be dismissed by separate Order.


July 24, 2014                                             /s/
                                              George Levi Russell, III
                                              United States District Judge